John S. PETERSON, Plaintiff–Appellant,

v.

Joseph CALIFANO, Secretary of Health, Education and Welfare for the United States of America, Defendant–Appellee.

No. 78–2471.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 1980.

Decided Oct. 30, 1980.

---

John A. Stonich, San Jose, Cal., for plaintiff–appellant; Alfred Lambardo, Morgan, Beauzay, Hammer, Ezgar, Bledsoe & Rucka, Salinas, Cal., on brief.

Alan M. Grochal, Dept. of HEW, Baltimore, Md., for defendant–appellee.

Before ELY, and FLETCHER, Circuit Judges, and HALBERT, District Judge.*

FLETCHER, Circuit Judge:

John Peterson appeals from the district court's dismissal for lack of jurisdiction of his complaint wherein he alleged abuse of discretion by the Department of Health, Education, and Welfare (HEW). Appellant invoked appellate jurisdiction under 42 U.S.C. § 405(g) (1976) and 28 U.S.C. § 1291 (1976). We affirm the dismissal.

I

FACTS

On August 4, 1977, the HEW Appeals Council affirmed an administrative law judge's decision to revoke John Peterson's social security benefits and informed Peterson by duplicate letters sent to Peterson and his lawyer that, pursuant to 42 U.S.C. § 405(g) (1976), he had sixty days to file an appeal in federal district court. Peterson did not respond until November 16, 1977, well after the sixty–day period had expired, when his attorney asked the Appeals Council to extend the filing period, explaining that its letter either never arrived in the attorney's office or had been misfiled.[1] The Appeals Council denied the request. Nevertheless, on January 23, 1978, Peterson filed a complaint in federal district court alleging that HEW had abused its discretion by denying an extension and by denying his benefits claim. HEW moved to dismiss the complaint and action for lack of jurisdiction. The district court granted the motion.

II

DISCUSSION

The only question with which we must deal is whether the district court had jurisdiction to review HEW's rejection of Peterson's request that it exercise its discretionary power to extend the sixty–day filing period.

The relevant statutory provision is 42 U.S.C. § 405(g) (1976).[2] It provides in pertinent part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Peterson asserts that HEW's refusal to extend the filing period was a "final decision" within the meaning of subsection 405(g), as to which he may obtain judicial review by filing a complaint within sixty days.

* Honorable Sherrill Halbert, Senior United States District Judge for the Eastern District of California, sitting by designation.

1. Peterson's attorney made no mention of the letter sent directly to Peterson.

2. HEW regulations governing its consideration of requests to extend the filing period authorize extensions for "good cause." 20 C.F.R. 404.-954–954a (1980).

The text of subsection 405(g) belies Peterson's argument. "[F]inal decision," read in the context of the elaborate scheme for administrative determination of disability claims which precedes it, plainly refers to a decision on the merits. Peterson received a final decision on the merits when the Appeals Council affirmed the administrative law judge's revocation of his benefits.

Peterson's argument is that HEW's denial of his request for an extension concludes his case and hence is a "final decision." This too–literal interpretation is contrary to the plain meaning of subsection 405(g). Peterson's interpretation would make decisions on disability claims infinitely reviewable, because a claimant could, at any point down the road, ask HEW to exercise its discretion to extend the filing period.

In any event, we find this case governed by the Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In *Sanders* the claimant's application for disability benefits was denied by the HEW Appeals Council, and he was informed of his right to obtain judicial review within sixty days. He did not respond until seven years later, when he asked HEW to reopen his claim under regulations authorizing reopening for good cause. When it refused to do so, Sanders sought judicial review. The issue before the Supreme Court was whether the district court had jurisdiction to review the Appeals Council's denial of a request to reopen a disability case. The Court held that it did not, because, *inter alia*, subsection 405(g) authorized review only of final decisions made after a hearing, and denial of a request to reopen was not such a decision. 430 U.S. at 107–09, 97 S.Ct. at 985–986. The Court gave two reasons for this interpretation of subsection 405(g). First, by authorizing judicial review of a final decision made "after a hearing," the statute referred to decisions where a hearing was mandatory, not optional. 430 U.S. at 108, 97 S.Ct. at 985. Second, if courts were able to review denials of requests to reopen long dormant claims, claimants could frustrate the Congressional intent "to forestall repetitive or belated litigation of stale eligibility claims." *Id.*

The request to reopen a disability claim at issue in *Sanders* is analytically indistinguishable from Peterson's request to extend the period for filing a civil claim for review. Neither need be preceded by a hearing, and the requests are interchangeable in that both would defeat the intent of Congress to compress the time for judicial review.[3] *Cf.*

3. Peterson relies on three cases. Each is distinguishable. In *Langford v. Flemming*, 276 F.2d 215 (5th Cir. 1960), an administrative law judge denied Langford's disability claim. The administrative scheme then in effect required her to file an administrative appeal with the Appeals Council within thirty days. She filed late and the Appeals Council rejected her appeal as untimely, refusing to extend the administrative filing period. Langford then filed a complaint in federal court appealing the denial of her request for an extension of the filing period. The district court dismissed for lack of jurisdiction. The appellate court disagreed with the district court's disposition of the jurisdictional issue but affirmed on the ground that Langford had not shown good cause for an extension.

*Langford* lends Peterson little support. The key distinction is that it involved the period for filing an intra–agency administrative appeal, not for filing a complaint in federal district court. The only substantive decision Langford had received was from an administrative law judge and therefore not subject to judicial review. Consequently, the Appeals Council decision not to extend the administrative filing peri-

od was the only "final decision" Langford would receive. If she could not appeal it, she could not appeal at all. In the instant case, on the other hand, Peterson received a final decision when the Appeals Council affirmed the administrative law judge's decision on the merits, and he could have obtained full judicial review of that decision had he timely filed. Moreover, *Langford* may have been effectively overruled by the Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), discussed *infra*. See *Sheehan v. Secretary of HEW*, 593 F.2d 323 (8th Cir. 1979) (relying on *Sanders* to reverse a district court decision following *Langford*).

In *Bohn v. Finch*, 320 F.Supp. 270 (E.D.La. 1970), as in *Langford*, the claimant sought judicial review of a denial of a request for extension of the period of time to appeal from the administrative law judge to the Appeals Council. The court simply followed *Langford*. The opinion is distinguishable for the same reasons as is *Langford*.

In *Cappadora v. Celebrezze*, 356 F.2d 1 (2d Cir. 1966), the claimant sought judicial review

*Harapat v. Califano*, 598 F.2d 474 (8th Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 482, 62 L.Ed.2d 406 (1979) (district court lacks jurisdiction to review dismissal, on *res judicata* grounds, of repetitious claim); *Sheehan v. Secretary of Health, Education, & Welfare*, 593 F.2d 323 (8th Cir. 1979) (district court lacks jurisdiction to review Appeals Council denial of an extension of the period within which to file an administrative appeal of an administrative law judge's denial of benefits).

Peterson attempts to distinguish *Sanders.* He asserts that HEW's decision in *Sanders* was made without a hearing, while in his case a hearing was granted. However, the *Sanders* case turned not on whether the decision had actually been preceded by a hearing but on whether a hearing was mandatory. This distinction differentiates decisions on the merits governed by the procedures established in 42 U.S.C. § 405(b) (1976) from discretionary decisions not subject to those procedures. The reasons for the distinction are well stated in *Cappadora v. Celebrezze*, 356 F.2d 1 (2d Cir. 1966):

> On a strictly literal reading, § 405(g) could be interpreted as applying to any final decision of the Secretary that was handed down after a hearing, albeit a hearing not required by the statute. Such an interpretation, however, would be unnatural and unsound.... [T]he reasonable reading of § 405(g) is that it was intended to apply to a final decision rendered after a hearing [required by section 405(b)], not to a decision which could lawfully have been made without any hearing at all.... Indeed, the broader reading could operate adversely to claimants generally since if a nonmandatory hearing would entail judicial review not otherwise available, this might deter the agency from giving a procedural benefit which the statute does not demand.

356 F.2d at 4–5. We agree with this analysis. The dismissal of Peterson's complaint and action are affirmed.

of the Appeals Council's refusal to reopen his case, as its own regulations authorized it to do upon a showing of good cause. The court held that judicial review of the denial was available. However, the decision actually cuts against Pe-

terson's position, because the court expressly held that judicial review was available under the APA but not under the Social Security Act. 356 F.2d at 5–7.