**Charles J. SMITH, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 84–1690.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1985.

Decided May 14, 1985.

James W. Stanley, Jr., North Little Rock, Ark., for appellant.

Thomas Stanton, H.H.S., Dallas, Tex., argued, for appellee; Gregory J. Mullins, Dept. of Health and Human Services, Dallas, Tex., on brief.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and ROBERTS,[*] District Judge.

JOHN R. GIBSON, Circuit Judge.

Charles J. Smith appeals an order of the district court[1] dismissing his complaint for lack of subject matter jurisdiction. A claim by Smith for disability insurance benefits had been denied by an administrative law judge of the Social Security Administration. Smith failed to timely appeal the denial but later requested the Appeals Council of the Social Security Administration to review the ALJ's decision. The Appeals Council dismissed his untimely request for review. Smith then sought review in federal court of the denial of his claim. As Smith did not obtain a final decision of the agency that would allow judicial review, we affirm the district court's dismissal of his complaint.

In 1982, Charles J. Smith applied for disability insurance benefits under Title II of the Social Security Act. After the claim was denied both initially and upon reconsideration, a full evidentiary hearing was held before an administrative law judge of the Social Security Administration, who determined that Smith was not disabled within the meaning of the Act. A notice attached to the ALJ's decision, which was dated March 31, 1983, informed Smith that if he wished to appeal the decision, it was necessary to request review by the Appeals Council within sixty days of his receipt of the decision (presumed to be five days from the date of the decision). On June 20, 1983, well after the sixty-day period, Smith filed a request for an Appeals Council review. His later letter of June 28 to the Appeals Council explained that he had assumed that his lawyer was handling the request for review, although he also admitted that he had received a letter from his lawyer on May 26, 1983, telling him that he should retain someone else to represent him.

The Appeals Council found that since Smith knew within the sixty-day period that his former lawyer was no longer acting on his behalf and yet had failed to request review within that time, there was no good cause to justify extending the filing deadline. Thus, it dismissed his untimely request for review. Smith then filed a complaint in federal court, claiming that all administrative remedies had been exhausted, and, therefore, seeking review of the denial of benefits.

The district court dismissed Smith's complaint. While it discussed with approval the Eleventh Circuit's decision in *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983), in which an untimely request for review was held to be final for purposes of appeal, it nonetheless stated that under *Sheehan v. Secretary*, 593 F.2d 323, 326 (8th Cir.1979), the order of the Appeals Council was *not* a final decision for purposes of appeal and, thus, that it lacked

---

* The Honorable Ross T. Roberts, United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

subject matter jurisdiction to consider Smith's claim. Smith argues on appeal that since *Sheehan* did not adequately distinguish a request for review from a request to reopen a case, the reasoning of that case should be rejected for that of *Bloodsworth.*

The basic question before us is whether the district court had jurisdiction to consider Smith's claim. Section 205(g) of the Social Security Act provides for judicial review of claims arising under Title II of the Act:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (1982). Further, section 205(h) limits judicial review to the procedures laid out in the Act. *See* 42 U.S.C. § 405(h) (1982). Thus, whether the district court had jurisdiction depends on whether the actions taken by the Social Security Administration here amounted to a "final decision of the Secretary." As we stated in *Sheehan,* "Under the statutory scheme contained in §§ 405(g) and (h), the presence of a final decision is not only essential to determine when judicial intervention is proper but also to determine whether it is possible." 593 F.2d at 325.

Smith argues that since the Appeals Council "terminated his claim" and since he "has no other remedy but to pursue this claim by judicial review," it follows that he has exhausted all administrative review procedures and, thus, that the decision of the Appeals Council must be viewed as a final decision. However, as the Supreme Court stated in *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975):

> The requirement [of a final decision] is * * * something more than simply a codification of the judicially developed doctrine of exhaustion. * * * The term "fi-

nal decision" is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation. * * The statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration.

Thus, whether Smith has exhausted the administrative procedures depends not solely on the current remedies available to him, but, rather, on whether he has met the requirements specified by the Secretary. *See Sheehan,* 593 F.2d at 325.

Here, it is evident that Smith did not meet the specified requirements. The Appeals Council may dismiss a request for review if it is not filed within the stated time. 20 C.F.R. § 404.971 (1984). Such dismissal is binding and not subject to further review. *Id.* 404.972. Such action does not address the merits of the claim, and thus cannot be considered appealable, as can the Appeals Council's decisions and denials of *timely* requests for review. *See id.* § 404.981. As we stated in *Sheehan,* "If the claimant may obtain review in this situation [late filing of an appeal] the Secretary's orderly procedures for processing disability claims mean little or nothing. If claimant may avoid the timely exhaustion of remedies requirement, any claimant could belatedly appeal his claim at any time and always obtain district court review of an ALJ's decision." 593 F.2d at 326–27. Rather, the Supreme Court's holding in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), precludes such disregard of administration procedures:

> [A]n interpetation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60–day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated

litigation of stale eligibility claims. Our duty, of course, is to respect that choice. 430 U.S. at 108, 97 S.Ct. at 986, *quoted in Sheehan,* 593 F.2d at 327.

Smith argues, however, that *Sanders* addresses only the agency's refusal to *reopen* cases—not a refusal to grant a request for *review.* He urges that we adopt the reasoning of *Bloodsworth v. Heckler,* 703 F.2d 1233 (11th Cir.1983), where the court stated that "the eighth circuit's conclusion [in *Sheehan* ] was reached without substantial analysis of the distinction between review and reopening of a case." 703 F.2d at 1239. *Sheehan* is the law of the circuit and we are compelled to follow it. Should we determine that *Sheehan* should be reexamined, we could suggest en banc consideration. We are satisfied, however, that *Sheehan* was properly decided and that reason fully supports its application in this case.

The court in *Bloodsworth* reasoned that while a "reopening procedure is in the nature of a bonus opportunity" and thus is due "a greater degree of judicial deference * * * than is appropriate where judicial review exists as a matter of statutory right," 703 F.2d at 1328, a dismissal, in contrast, is like a determination on the merits by the Appeals Council: "Both are equally final and both trigger a right to review by the district court." *Id.* at 1237. The court apparently reached the latter conclusion by reading 20 C.F.R. § 404.981 (which establishes a right to review by the

district court) to include both timely and untimely dismissals. It is clear from 20 C.F.R. §§ 404.971–72, however, that only timely dismissals are appealable as a matter of right. *See Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983) (citing *Sheehan,* 593 F.2d at 326). Untimely requests will be heard by the Appeals Council only if it deems extending the filing deadline is warranted by "good cause." Thus, the Appeals Council's discretionary action in hearing an untimely request for review is as much a "bonus opportunity" as is reopening. The distinction that *Bloodsworth* drew is untenable and must be rejected.[2] Though the holding of *Sheehan* may, at times, lead to harsh results (a fact we acknowledged in *Sheehan* itself), we believe the provisions of the Social Security Act and the Supreme Court's decisions in *Salfi* and *Sanders* compelled the conclusion we reached there and uphold today.[3]

 We conclude that the Appeals Council's dismissal of Smith's untimely request for review was not a final action for purposes of review under section 205(g). Thus, the district court properly concluded it did not have jurisdiction to hear Smith's claim. We affirm the dismissal of Smith's petition by the district court.

---

**2.** In reaching its conclusion, the *Bloodsworth* court relied on *Langford v. Flemming,* 276 F.2d 215 (5th Cir.1960) (administrative decision declining to extend time and review merits was final), as "controlling authority." 703 F.2d at 1236. In *Sheehan,* we rejected *Langford* in reversing the district court which had relied on that case. Further, we believe that the Supreme Court in *Sanders* effectively overruled *Langford. See Giacone v. Schweiker,* 656 F.2d 1238, 1243 n. 6 (7th Cir.1981); *Peterson v. Califano,* 631 F.2d 628, 630 n. 3 (9th Cir.1980).

**3.** Smith also appears to raise the question of the constitutionality of the administrative procedures involved here, when he asserts in the concluding paragraph of his brief that the Secretary's position "certainly does not comport to comply with due process in that it would be fundamentally unfair to preclude an individual from being able to challenge a finding, in this

case a lack of good cause, by obtaining a judicial review of the circumstances surrounding whether or not good cause existed." However, as the Supreme Court stated in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), which involved the constitutionality of the procedures under which Social Security disability benefit payments could be terminated: "All that is necessary is that the procedures be tailored, in light of the decision to be made, to 'the capacities and circumstances of those who are to be heard,' *Goldberg v. Kelly* [397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) ], * * * to insure that they are given a meaningful opportunity to present their case." *Id.* at 349, 96 S.Ct. at 909 (citation omitted). Since under the procedures outlined above Smith was provided such an opportunity, his argument that due process has not been afforded must be rejected.