Gladene S. ADAMS, Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.

No. 86–1530.

United States Court of Appeals, Fourth Circuit.

Argued June 3, 1986.

Decided Aug. 25, 1986.

Michael J. Lewis (Michael J. Lewis, P.A., Winston-Salem, N.C., on brief), for appellant.

Benjamin H. White, Jr., Asst. U.S. Atty. (Kenneth W. McAllister, U.S. Atty., Greensboro, N.C., on brief), for appellee.

Before ERVIN, CHAPMAN and WILKINSON, Circuit Judges.

ERVIN, Circuit Judge:

Gladene S. Adams appeals the district court's order dismissing her complaint for lack of jurisdiction. Because we find that the Appeals Council's decision to dismiss Adams' appeal for untimeliness is not a "final decision of the Secretary," we affirm the district court's holding that the court lacks jurisdiction to review the merits of Adams' disability claim. We also agree with the court below that the Appeals Council's refusal to find "good cause" to extend the filing deadline should not be disturbed. Accordingly, the district court is affirmed.

I.

Adams began receiving Social Security disability benefits in November 1975. Thereafter, the Social Security Administration reviewed her claim and determined that her benefits should have ceased as of October 1981. She requested and received a hearing before an Administrative Law Judge (ALJ). The ALJ issued a decision that was partly favorable to Adams: she should have received benefits until March 1982, but not thereafter.

Adams received this decision with accompanying notice, entitled "Notice of Favorable Decision Please Read Carefully." The first sentence of the notice stated: "The enclosed decision is favorable to you, either wholly or partly." Jt.App. at 7. The notice also stated that the claimant had sixty days to request Appeals Council review.

Adams contacted her attorney on several occasions during the sixty-day period, concerned that the decision was not "favorable." The attorney assured her each time that the decision was favorable, that she would continue to receive benefits, and thus there was no need to appeal. Thereafter, Adams stopped receiving disability benefits.

She secured a new attorney, who immediately filed for review by the Appeals Council, after realizing that the ALJ's decision was only partly favorable. The filing, however, was some eighty days after the ALJ's decision was rendered, and thus twenty days after the filing deadline for review by the Appeals Council. The new attorney requested that the Appeals Council extend

the filing deadline. He reasoned that the notice, entitled "Notice of Favorable Decision," was misleading and thus constituted good cause to excuse the late filing. The Appeals Council rejected the extension request, finding no good cause, and dismissed Adams' request for review on the ground that it was not timely filed.

Adams appealed to the district court. The Secretary moved to dismiss, contending that Adams failed to properly exhaust her administrative remedies with respect to her claim for benefits, and therefore there had been no "final decision of the Secretary" as required by § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Secretary argued that the court was therefore without jurisdiction to review either the merits of Adams' disability claim or the Appeals Council's refusal of Adams' request for an extension of time to request review. Adams contended that the court had jurisdiction and that the Appeals Council's decision should be remanded since it did not consider the argument that the failure to file a timely appeal was attributable to misadvice of counsel.

The district court, adopting the Magistrate's Findings and Recommendations, dismissed Adams' complaint for lack of subject matter jurisdiction to address the merits of the disability claims. The court refused to remand or reverse the Appeals Council's good cause determination, finding that it was supported by fact and law. This appeal followed, with both parties raising the same arguments as were asserted to the district court.

## II.

■ The first issue we must address is whether the Appeals Council's refusal to consider Adams' untimely request for review constitutes a final decision by the Secretary on the merits of her disability claim. Only final decisions may receive judicial review. *See* 42 U.S.C. § 405(g) and (h).

This court, addressing a similar issue in *Shope v. Schweiker,* 705 F.2d 445 (4th Cir. 1983), held that refusal to review for fail-

ure to file a timely request did not constitute a final decision by the Secretary. Other circuits have explicitly held that under circumstances akin to those of the instant case, no final decision has been rendered. *See Smith v. Heckler,* 761 F.2d 516 (8th Cir.1985); *Dietsch v. Schweiker,* 700 F.2d 865 (2d Cir.1983); *Watters v. Harris,* 656 F.2d 234 (7th Cir.1980). Only one circuit has rejected the majority trend. *See Bloodsworth v. Heckler,* 703 F.2d 1233 (11th Cir.1983).

We reject the reasoning of *Bloodsworth,* and find the majority view more compelling. The Eighth Circuit expressed sound justification for finding no final decision in the dismissal of an appeal for failure to timely file:

> The Appeals Council may dismiss a request for review if it is not filed within the stated time. 20 C.F.R. § 404.971 (1984). Such dismissal is binding and not subject to further review. *Id.* 404.972. Such action does not address the merits of the claim, and thus cannot be considered appealable, as can the Appeals Council's decisions and denials of *timely* requests for review. *See id.* § 404.981. As we stated in *Sheehan,* "If the claimant may obtain review in this situation [late filing of an appeal] the Secretary's orderly procedures for processing disability claims mean little or nothing. If claimant may avoid the timely exhaustion of remedies requirement, any claimant could belatedly appeal his claim at any time and always obtain district court review of an ALJ's decision."

*Smith v. Heckler,* 761 F.2d at 518 (quoting *Sheehan v. Secretary,* 593 F.2d 323, 326–27 (8th Cir.1979)). We therefore affirm the district court's conclusion that no final decision by the Secretary has been presented by the facts herein and thus no jurisdiction for judicial review of the merits of Adams' disability claim exists.

■ The second issue on appeal is whether we can and should remand this action to the Appeals Council for further consideration of Adams' request to extend

the filing deadline.[1] Assuming without deciding that we have jurisdiction to review the Appeals Council's decision to dismiss and refusal to find good cause, we find no grounds to reverse or remand.

Adams' primary contention is that the action should be remanded so that she may argue to the Appeals Council that her first attorney's erroneous advice constituted good cause for extending the deadline. She failed to raise this contention when she originally sought an extension for good cause. Her sole argument then was that the notice, entitled "Notice of Favorable Decision," was misleading.

We must reject Adams' request. She should have raised the attorney error argument when she originally requested an extension. She and her new attorney were aware at that time that her predicament was partly due to her first attorney's misadvice. Accordingly, it is her fault that the Appeals Council was not originally asked to consider whether attorney error is "good cause" for excusing a late filing. Adams had her opportunity to be heard; errors in that hearing from her own negligence is not ground for a remand or reversal. An individual is entitled to her day in court, but no more. *Cf. Hooper v. United States,* 326 F.2d 982, 985, 164 Ct.Cl. 151, *cert. denied,* 377 U.S. 977, 84 S.Ct. 1882, 12 L.Ed.2d 746 (1964).

■ Finally, we find no error in the Appeals Council's determination that the allegedly misleading notice did not constitute good cause. The notice accompanying the ALJ's decision, although entitled "Notice of Favorable Decision," clearly stated that the decision was favorable either wholly or partly. Moreover, it stated "Please Read Carefully." Thus, the title, "Notice of Favorable Decision," was sufficiently qualified to give warning that the text of the decision should be read and relied upon, not the title.

For the reasons stated above, we affirm the decision below to dismiss Adams' complaint.

AFFIRMED.

---

1. The Secretary argues that we lack jurisdiction to review the Appeals Council's decision. We need not address this argument because of our conclusion on the merits.