**James MATLOCK, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, etc.,
Defendant–Appellee.**

No. 89–15263.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 1990 [*].

Decided July 12, 1990.

James Matlock, San Francisco, Cal., pro. per.

Marlene W. Heiser, Office of Gen. Counsel, Social Sec. Div., Dept. of Health and Social Services, Baltimore, Md., for defendant-appellee.

Before SCHROEDER and CANBY, Circuit Judges, and LEW,[**] District Judge.

SCHROEDER, Circuit Judge:

In August of 1983 an Administrative Law Judge, after a hearing, issued a decision denying James Matlock's application for supplemental social security benefits. The decision, which was mailed to both Matlock and his attorney, advised them

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

[**] Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation.

that a request for Appeals Council review must be filed within 60 days after receipt of notice of the decision. No request for review was filed within 60 days. Instead, 18 months after the ALJ's decision, Matlock filed a request for Appeals Council review, seeking, in effect, an extension of the time to file his appeal on the ground that he had been incarcerated. The Appeals Council dismissed the request for review, concluding that Matlock had not demonstrated good cause for filing outside the 60–day period.

Matlock then filed a complaint against the Secretary in district court, seeking review of the Appeals Council's dismissal of his untimely request for review. There is no question that Matlock's request for review was filed outside the statutory 60–day period. The novel question presented under the law of this circuit is whether the district court has jurisdiction to review the Appeals Council's discretionary refusal to consider an untimely request for review. We hold that jurisdiction was lacking. In so holding, we follow the decisions of four other circuits which have addressed this issue. *See Harper by Harper v. Bowen,* 813 F.2d 737, 742–43 (5th Cir.), *cert. denied,* 484 U.S. 969, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987); *Adams v. Heckler,* 799 F.2d 131, 133 (4th Cir.1986); *Smith v. Heckler,* 761 F.2d 516, 519 (8th Cir.1985); *Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983); *cf. Watters v. Harris,* 656 F.2d 234, 239 (7th Cir.1980) (refusal to extend administrative deadline for requesting a hearing before an ALJ is not subject to judicial review); *but see Bloodsworth v. Heckler,* 703 F.2d 1233, 1236–39 (11th Cir. 1983).

The Social Security Act ("Act") limits judicial review to "final decision[s] of the Secretary made after a hearing." 42 U.S.C. §§ 405(g), (h) (1983).[1] Thus, whether jurisdiction exists depends on whether the action by the Appeals Council constitutes a final decision under section 405(g). *See Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977); *Peterson v. Califano,* 631 F.2d 628, 629–30 (9th Cir.1980); *see also Harper,* 813 F.2d at 739; *Adams,* 799 F.2d at 133. Like the majority of other circuits which have considered the issue, we conclude that under the regulations and the Supreme Court's holding in *Sanders,* Appeals Council decisions to refrain from considering untimely petitions for review are not final decisions subject to review in federal court.

The Act does not define "final decision" and "its meaning is left to the Secretary to flesh out by regulation." *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975). The regulations define reviewable "final decisions" as decisions by the Appeals Council either reviewing or denying review of an ALJ decision. 20 C.F.R. § 416.1481 (1989)[2]; *see Harper,* 813 F.2d at 739.

The regulations permit the Appeals Council to extend the time for filing an otherwise untimely request for review where a claimant demonstrates good cause for missing the filing deadline. 20 C.F.R. § 416.1468(b) (1989). However, the regulations prohibit judicial review of the Appeals Council's refusal to grant such an extension. *See* 20 C.F.R. § 416.1403(a)(8) (1989); *Harper,* 813 F.2d at 739.

The Supreme Court in *Sanders* held that denials by the Appeals Council of requests

---

1. Section 405(g) provides:
    Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.
    Section 405(h) provides:
    ... No findings of fact or decision of the Secretary shall be reviewed by any ... tribunal ... except as herein provided.

2. The regulations also provide that when the Appeals Council "dismisses" a request for review because it was not filed within the 60–day period or within any granted extension, the dismissal order is not reviewable as a final decision. 20 C.F.R. §§ 416.1471 & 416.1472 (1989). Thus, an applicant cannot obtain judicial review after violating the timeliness requirements for Appeals Council review.

to reopen benefits claims for lack of good cause were not subject to judicial review because the decision was not made after a mandated hearing. 430 U.S. at 108, 97 S.Ct. at 986. In addition, the Court pointed out that permitting federal courts to review such requests would frustrate Congress' intent "to forestall repetitive or belated litigation of stale eligibility claims." *Id.*

This court applied the Supreme Court's *Sanders* decision in *Peterson*, a case similar to that at bar. We there held that federal courts lack jurisdiction to review the Appeals Council's rejection of claimant's request to extend the 60–day period for filing a petition for review in federal court because such a refusal did not constitute a "final decision" under 42 U.S.C. § 405(g). 631 F.2d at 630–31. We found that a claimant's request to extend the period for filing a claim for judicial review was indistinguishable from the request to reopen a disability claim at issue in *Sanders*. *Id.* at 630. Both determinations could be made without a hearing and "the requests [were] interchangeable in that both would defeat the intent of Congress to compress the time for judicial review." *Id.* We also stated that "final decision" refers to a final decision on the merits. *Id.; see, e.g., Adams*, 799 F.2d at 133 (citations omitted); *Smith*, 761 F.2d at 518.

Here, as in *Sanders* and in *Peterson*, the Appeals Council's decision to hear an untimely request for review is discretionary and the Appeals Council may deny a request for an extension without a hearing. *See* 20 C.F.R. § 416.1468(b) (1989). Here, as in *Sanders* and in *Peterson*, permitting claimants to obtain judicial review of denials of their requests for extensions of time would frustrate Congress' intent to forestall belated litigation of stale claims. *See Peterson*, 631 F.2d at 630; *see also Harper*, 813 F.2d at 743 (the Appeals Council's refusal to grant an extension and consider an untimely request for review is not, under *Sanders*, a "final decision"; the decision to hear an untimely request is optional and the 60–day time limit promotes Congress' intent to forestall belated litigation).

Only the Eleventh Circuit has found a refusal by the Appeals Council to consider an untimely request for review a "final decision" subject to judicial review. *Bloodsworth*, 703 F.2d at 1236–39. *Bloodsworth* has been widely criticized by other circuits and we decline to follow it here. *See Harper*, 813 F.2d at 741–42; *Smith*, 761 F.2d at 519; *Adams*, 799 F.2d at 133. The Eleventh Circuit based its decision on the ground that neither the statute nor the regulations distinguish between dismissals of untimely petitions and determinations on the merits for purposes of judicial review. 703 F.2d at 1237. We disagree. While the regulations do not distinguish between a decision on the merits and a denial of review, *see* 20 C.F.R. § 416.1481, they do distinguish between *denial* of review and a *dismissal* of an untimely request for review. 20 C.F.R. § 416.1472. In addition, the Eleventh Circuit distinguished refusals to hear untimely petitions from refusals to reopen benefits claims, at issue in *Sanders*, by characterizing the opportunity to reopen a claim as a "bonus opportunity" which affords a claimant a second bite at the decision-making process. *Id.* at 1238. We do not believe that a meaningful distinction between these two refusals exists for purposes of judicial review. *See Harper*, 813 F.2d at 742; *Smith*, 761 F.2d at 519. Moreover, the *Bloodsworth* court, 703 F.2d at 1236, relied heavily on *Langford v. Flemming*, 276 F.2d 215 (5th Cir.1960), a Fifth Circuit case subsequently overruled by that Circuit in light of *Sanders*. *Harper*, 813 F.2d at 740–41 (expressly overruling circuit's prior decision in *Langford* in light of *Sanders*).

The district court's holding that it lacked jurisdiction to review the Appeals Council's discretionary refusal to consider an untimely request for review is AFFIRMED.