945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James W. McGUIRE, Plaintiff-Appellant,
v.
Louis SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-15080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James W. McGuire appeals pro se the district court's order dismissing his action brought under the Social Security Act, 42 U.S.C. § 405(g). McGuire contends that the Secretary of Health and Human Services wrongfully terminated his disability benefits and erred in denying in part, his request for a waiver of recovery of overpayments pursuant to 42 U.S.C. § 404(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Insofar as McGuire's action challenges the Secretary's termination of his benefits in 1980, it is barred by the statute of limitations.
 
 
 4
 A Social Security claimant may obtain judicial review of a final decision of the Secretary by commencing a civil action in the district court within sixty days after the mailing of the notice of such decision, or within such further time as the Secretary may allow. See 42 U.S.C. § 405(g); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir.1987). "The regulations define reviewable 'final decisions' as decisions by the Appeals Council either reviewing or denying review of an ALJ decision." Matlock v. Sullivan, 908 F.2d 492, 493 (9th Cir.1990) (citing 20 C.F.R. § 416.1481). " '[M]ailing' is construed as the date of receipt of the notice, which is presumed to occur five days after the date of the notice." Id. (citing 20 C.F.R. § 422.210(c)).
 
 
 5
 In 1980, McGuire was notified that the Secretary had determined that his disability had ceased, and that his benefits would be terminated. In 1981, an Administrative Law Judge (ALJ) affirmed the Secretary's determination. On June 8, 1981, the Appeals Council reached its final decision denying McGuire's request for review of the ALJ's decision. Thus, the final decision of the Secretary was rendered on June 8, 1981, when the Appeals Council denied McGuire's request for review of the ALJ's decision. See Matlock, 908 F.2d at 493 (9th Cir.1990). Consequently, McGuire was required to file his action in the district court within sixty days of the mailing of the decision of the Appeals Council. Because the notice of the decision of the Appeals Council is dated June 8, 1981, McGuire presumptively received it on June 14, 1981. See id. Accordingly, the time for filing his action in the district court elapsed ten years ago, in August of 1981.[1] Id.
 
 
 6
 McGuire's contention that the Secretary erred in denying his request for a waiver of recovery of overpayments made to him after April 22, 1982 also lacks merit.
 
 
 7
 We review the Secretary's denial of a waiver request to determine if the proper legal standard was applied and to determine if the denial was supported by substantial evidence. Quinlivan v. Sullivan, 916 F.2d 524, 526 (9th Cir.1990) (citation omitted). "The Social Security Act provides for a waiver of overpayments if (1) a claimant is without fault in receiving the payment and (2) requiring repaying would either defeat the purpose of Title II, or would be against equity and good conscience." Id. at 526; 42 U.S.C. § 404(b). Id.
 
 
 8
 A claimant is at fault if he accepts a payment which he either knew or could have been expected to know to be incorrect. See Anderson v. Sullivan, 914 F.2d 1121, 1122 (9th Cir.1990)
 
 
 9
 The final decision of the Secretary on the issue of recovery of overpayments was issued by the Appeals Council on June 15, 1988. McGuire filed a timely action in the district court on August 19, 1988.
 
 
 10
 In October of 1980, after McGuire was informed that he was no longer entitled to benefits because it had been determined that his disability had ceased, he requested that his benefits be continued pending his administrative appeal. He signed a written statement indicating that if his appeal was unsuccessful, he would refund any overpayments. Although McGuire's appeal was unsuccessful, he continued to receive benefits through the spring of 1982 due to an error. On April 22, 1982, the Secretary notified McGuire that in 1980 he had been informed that benefits would no longer be paid. McGuire then filed a request for a waiver of overpayments.
 
 
 11
 A hearing on the issue of the waiver of overpayment was held before an ALJ on December 3, 1987. The ALJ granted a waiver of recovery of benefits for the period before the April 22, 1982, but not after. The ALJ reasoned that McGuire was not at fault for accepting benefits prior to the April 22, 1982 notice, but that he was at fault for accepting benefits thereafter. Apparently, McGuire was only held responsible for overpayments accepted between April 22, and June of 1982.
 
 
 12
 We conclude that substantial evidence supports the ALJ's findings. McGuire could have been expected to know that payments made to him were incorrect after he was clearly notified in the April 22, 1982 notice that benefits would no longer be paid. Therefore, the district court did not err in dismissing this action. See Quinlivan, 916 F.2d at 526; Anderson, 914 F.2d at 1122.
 
 
 13
 Further, the district court did not err in denying McGuire's motion for a preliminary injunction, and his petition for a writ of mandamus. McGuire sought a "preliminary injunction" requiring the Secretary to produce necessary documents, including docket sheets, medical records, and transcripts. Because a certified record was filed with the clerk on November 15, 1988, the motion was correctly denied as moot. McGuire also filed a petition for a writ of mandamus seeking a reinstatement of benefits from June of 1982. The district court did not err in denying the petition because we are not "firmly convinced that the district court erred, and that the petitioner's right is clear and undisputable." Valenzuela-Gonzalez v. United States Dist. Court for the Dist. of Ariz., 915 F.2d 1276, 1279 (9th Cir.1990).[2]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that the district court's order is construed as a dismissal on jurisdictional grounds, the district court was in error because "the sixty day period is not jurisdictional, but is instead a statute of limitations which the Secretary may waive." Banta v. Sullivan, 925 F.2d 343, 345 (9th Cir.1991); Vernon, 811 F.2d at 1277. Nevertheless, we affirm the district court because it is clear that this claim is precluded by the statute of limitations, and because McGuire points to no evidence of waiver, and raises no grounds for equitable tolling. Cf.Banta, 925 F.2d at 345
 
 
 [2]
 McGuire also alleges that his constitutional rights were violated in both the termination of his benefits and the Secretary's decision regarding McGuire's request for a waiver of overpayments. McGuire is precluded from raising constitutional challenges to the termination of his benefits because the claim is barred by the statute of limitations. Moreover, we find that substantial evidence supports the findings of the Secretary on the issue of waiver of overpayments. Thus, we agree with the district court that McGuire raises no colorable constitutional error as to this claim
 McGuire has filed three motions which are pending before this court. Since we affirm the district court's dismissal of this action, we deny these motions as moot.