**Darryl C. O'CONNELL, Plaintiff,**

**v.**

**Shirley S. CHATER,[1] Commissioner of Social Security Administration, Defendant.**

**No. CV 95–3704–RMC.**

United States District Court, C.D. California.

April 8, 1996.

Judith S. Leland, Downey, CA, for Plaintiff.

Mary L. Perry, Asst. U. S. Atty., Los Angeles, CA, for Defendant.

---

**1.** Pursuant to P.L. No. 103–296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security Administration ("SSA"), effective March 31, 1995. In accordance with Section 106(d) of P.L. 103–296, Shirley S. Chater, Commissioner of SSA, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Fed. R. Civ. P. 25(d).

MEMORANDUM DECISION
AND ORDER

ROSALYN M. CHAPMAN, United States Magistrate Judge.

## BACKGROUND

### I

On June 2, 1995, plaintiff Darryl C. O'Connell filed a Complaint seeking review of Commissioner's decision denying him a period of disability and disability benefits. He filed a First Amended Complaint on June 19, 1995, raising the same claims. By Order entered October 18, 1995, at the request of Commissioner, Magistrate Judge Rosalyn M. Chapman ordered the matter remanded to defendant for further administrative proceedings, pursuant to Sentence 6 of Section 205(g) of the Social Security Act (42 U.S.C. § 405(g)) so that plaintiff's file could be located or reconstructed, and further ordered that in the event the file was not located or reconstructed within 60 days from the Order of Remand, defendant was to hold an administrative hearing de novo before an administrative law judge.[2]

On December 7, 1995, defendant filed a notice of locating plaintiff's file and a motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(1), claiming the Court lacks jurisdiction because plaintiff failed to timely seek review before the Appeals Council of the decision of the administrative law judge, and thus, there has been no "final decision" of defendant for the Court to review. In support of her motion to dismiss, defendant submits the November 1, 1994 notice of unfavorable decision, copied to plaintiff and his counsel, which accompanied the administrative law judge's decision (Exhibit 1); an SSA form, indicating plaintiff's request for review was received by the Appeals Council on January 12, 1995 (Exhibit 2); the January 10, 1994 letter from plaintiff's counsel to the Appeals Council, in which counsel asserts she did not receive a copy of the ALJ's decision until November 10, 1995 (Exhibit 3); and the May 1, 1995 order of the Appeals Council, in which the Appeals Council finds no good

cause for extending the time for filing for review beyond 60 days (Exhibit 4).

On January 5, 1996, plaintiff filed an opposition to defendant's motion to dismiss, including a supporting memorandum of points and authorities, as well as a request for a status conference or, alternatively, an order of remand. On January 24, 1996, defendant filed a reply to plaintiff's opposition.

On March 5, 1996, this Court ordered defendant to lodge the envelope, or a copy thereof, in which plaintiff's request for review was sent to the Appeals Council. The defendant lodged the envelope label on March 18, 1996, and plaintiff filed a response on March 21, 1996.

### II

On November 1, 1994, an administrative law judge issued a decision finding plaintiff to have no period of disability and to be not disabled. The decision was mailed to plaintiff and his counsel on the same date. The plaintiff claims to have received the decision on November 10, 1994. On January 9, 1995, plaintiff mailed a request for review to the Appeals Council, which received it on January 12, 1995. On May 5, 1995, the Appeals Council dismissed plaintiff's request for review as untimely.

## DISCUSSION

### III

The federal courts are not courts of general jurisdiction; rather, they derive their power from Article III of the Constitution and statutes enacted by Congress under Article III. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). The Congress may prescribe the procedures and conditions under which the federal courts may review administrative orders. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336, 78 S.Ct. 1209, 1218, 2 L.Ed.2d 1345 (1958).

Section 205(g) of the Social Security Act permits an individual, "after any final decision of the [Commissioner]" to obtain judicial review of the decision. 42 U.S.C. § 405(g);

---

2. The Court vacated this Order on March 4, 1996.

*See Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192, 201 (1977). The threshold question in any case seeking review of an administrative order of the Commissioner is thus, whether the Commissioner's decision is a "final decision" under Section 205(g). The term "final decision" is not defined in the Social Security Act. It is left to the Commissioner to define its meaning by regulation. Under the SSA's regulations, a request for review by the Appeals Council must be filed "[w]ithin 60 days after the date you receive notice of the hearing decision or dismissal...." 20 C.F.R. § 404.968(a). The decision is presumed to have been received within five days after the date of the notice "unless you show us that you did not receive it within the 5-day period." 20 C.F.R. § 404.901. The time for filing a request for review may be extended, however, if the party shows he has "good cause or missing the deadline." 20 C.F.R. §§ 404.968(b), 404.911. If the request for review is not filed within the sixty day period, and the time for filing is not extended for good cause by the Appeals Council, the Appeals Council will dismiss the request for review. 20 C.F.R. § 404.971. The Appeals Council's dismissal of a request for review "is binding and not subject to further review." 20 C.F.R. § 404.972.

Here, the record shows the unfavorable decision was mailed to plaintiff on November 1, 1994. Under the regulations, plaintiff is presumed to have received the decision by November 6, 1994. Sixty days thereafter, or the latest date on which plaintiff's request for review could be filed, was January 5, 1995. The plaintiff's request for review by the Appeals Council was not timely filed.

The plaintiff makes two arguments to show his request for review by the Appeals Council was timely. First, he asserts the unfavorable decision was not received until November 10, 1994. To support his claim, plaintiff has submitted the declaration of one of plain-

tiff's counsel's employees, Gainor Dalziel, who states that the decision was date stamped in plaintiff's counsel's office on November 10, 1994.[3] The Appeals Council considered this declaration in reaching its decision finding there was no good cause to extend the sixty day deadline. Second, plaintiff asserts the request for review was mailed to SSA on January 9, 1995, and that date, not January 12, 1995, governs when review is sought. Under internal SSA manual provisions, a request for review by the Appeals Council is considered to be timely filed as of the date it is received in any SSA office or the date it is stamped by the United States Postal Service or postmarked on the envelope in which the request is mailed.

These arguments address only the question of whether the Appeals Council should have granted review; thus, they miss the mark. This Court has no jurisdiction to determine whether the Appeals Council erred in finding plaintiff's request for review to be untimely. "[W]hen the Secretary declined to consider [the claimant's] untimely request for Appeals Council review because the claimant failed to show the requisite good cause, the Secretary's action became unreviewable.... [¶] With one exception, every court of appeals which has addressed this question has held that the Appeals Council may dismiss untimely requests for review of ALJ decisions, and such dismissals are not reviewable by district courts because they are not 'final decisions.'" *Bacon v. Sullivan,* 969 F.2d 1517, 1520, (3rd Cir.1992). *Accord Matlock v. Sullivan,* 908 F.2d 492, 494 (9th Cir.1990); *Turner v. Bowen,* 862 F.2d 708, 709–710 (8th Cir.1988); *Harper v. Bowen,* 813 F.2d 737, 743 (5th Cir.), *cert. denied,* 484 U.S. 969, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987); *McCall v. Bowen,* 832 F.2d at 863; *Adams v. Heckler,* 799 F.2d 131, 133 (4th Cir.1986); *Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983); *Watters v. Harris,* 656 F.2d 234, 238–39 (7th Cir.1980).

---

**3.** *See McCall v. Bowen,* 832 F.2d 862, 864–65 (5th Cir.1987) ("Although the court presumes that these [affidavits stating the decision arrived after five days] ... are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing. Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision.")

Because the Appeals Council's decision is not a final decision, this Court has no jurisdiction to hear this action. This determination gives effect to the intent of Congress in requiring a final decision for judicial review. *See Califano v. Sanders*, 430 U.S. at 108, 97 S.Ct. at 985–86. Further, as the Ninth Circuit has noted: "[P]ermitting claimants to obtain judicial review of denials of their requests for extensions of time would frustrate Congress' intent to forestall belated litigation of stale claims." *Matlock v. Sullivan*, 908 F.2d at 494.

### ORDER

The Complaint and action are dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Memorandum Decision and Order and Judgment signed this date, by the United States mail on the parties.