Jack Lee **GILCHRIST**, Plaintiff—
Appellant,

v.

**Jo Anne B. BARNHART**, Defendant—
Appellee.

No. 05–35819.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 20, 2005.*

Filed March 31, 2006.

David L. Lybbert, Calbom & Schwab P.S.C., Moses Lake, WA, for Plaintiff-Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard A. Morris, Esq., SSA–Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

The Social Security Administration Appeals Council denied Jack Lee Gilchrist's request for review of an Administrative Law Judge's (ALJ) ruling, finding that his request for a hearing on the denial of his disability benefits application was untimely. Gilchrist filed a federal complaint asking the district court to set aside the Appeals Council decision, and the court dismissed for lack of subject matter jurisdiction. We review de novo, *see Kildare v. Saenz,* 325 F.3d 1078, 1082 (9th Cir. 2003), and we affirm.

Under 42 U.S.C. § 405(g), only a final decision by the Commissioner is reviewable in district court. The Appeals Council's dismissal of an untimely request for hearing is not a final decision for which judicial review is available. *See Matlock v. Sullivan,* 908 F.2d 492, 493 (9th Cir.1990). Further, Gilchrist did not exhaust his administrative remedies, and because his claim is directly related to his substantive claim for benefits, he is not eligible for a waiver of the exhaustion requirement. *See Kildare,* 325 F.3d at 1082 (to qualify for waiver, underlying claim must be "collateral to a substantive claim of entitlement"). To the extent that Gilchrist makes a due process claim on appeal, it is barred because he did not raise any constitutional claim in district court. *See Edlund v.*

*Massanari,* 253 F.3d 1152, 1158 (9th Cir. 2001).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.