Tod H. MIKURIYA, Plaintiff–
Appellant,

v.

Michael O. LEAVITT,* Secretary,
Defendant–Appellee.

No. 05–15541.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed Sept. 21, 2007.

---

* Michael O. Leavitt is substituted for his predecessor, Tommy G. Thompson, as Secretary of Health and Human Services. Fed. R.App. P. 43(c)(2).

Christopher W. Katzenbach, Esq., Katzenbach & Khtikian, San Francisco, CA, for Plaintiff–Appellant.

Jocelyn Burton, Esq., Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

### MEMORANDUM **

Dr. Tod H. Mikuriya appeals the district court's dismissal of his challenge to the Secretary of Health and Human Services's determination that Mikuriya owed more than $79,000 to Medicare, due to overpayments of part B claims. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In an attempt to obtain judicial review, Mikuriya first argues that the carrier hearing procedure offered to him was inapplicable to his case, thus excusing his

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

failure to exhaust the proffered administrative remedies. We conclude that the district court did not have jurisdiction over even this applicability attack because that argument itself was not properly channeled through the administrative process. When an administrative route to judicial review is available,

> [t]he fact that the agency might not provide a hearing for that *particular contention,* or may lack the power to provide one, is beside the point because it is the "action" arising under the Medicare Act that must be channeled through the agency. After the action has been so channeled, the court will consider the contention when it later reviews the action.

*Shalala v. Illinois Council on Long Term Care, Inc.,* 529 U.S. 1, 23, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000) (citations omitted). Mikuriya's reliance on *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986), fails because in *Illinois Council,* 529 U.S. at 19, 120 S.Ct. 1084, the Court clarified *Michigan Academy* as standing only for the proposition that judicial review of Medicare determinations may be had without exhaustion only if using 42 U.S.C. § 405(h)[1] to force use of administrative procedures would mean denying all judicial review. Eventual judicial review was available for the claim Mikuriya advanced. *See* 42 U.S.C. § 1395ff(b) (1998); 42 C.F.R. § 405.801(a) (1998).[2]

■ Unable to obtain substantive judicial review, Mikuriya invites us to let him back into the administrative review process, by overturning the agency's conclusion that he failed to make a timely request for a hearing before an administrative law judge. The district court held that it lacked subject matter jurisdiction to review that decision, and such appears to be the case. *See Matlock v. Sullivan,* 908 F.2d 492, 493–94 (9th Cir. 1990); 20 C.F.R. §§ 404.903(j) (denials of extensions of time not subject to judicial review), 404.933(c) (1998) (governing extensions of time in which to request a hearing); 42 C.F.R. §§ 405.701(c), 405.801(c) (1998) (making these sections applicable to Medicare); *see also Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

■ We agree, in any event, with the district court that the ALJ's timeliness decision was supported by substantial evidence. It could fairly be concluded from the record that Mikuriya did not request an ALJ hearing until March 2002, far past the sixty day window for such requests. The earlier letters requested a carrier hearing but did not refer to a hearing before an ALJ. Although Mikuriya may have intended a broader request, the letters were not read that way. We cannot say that the ALJ's decision, including the determination that there was no good cause here for tardiness, was not supported by substantial evidence.

**AFFIRMED.**

---

1. This section is made applicable to Medicare by 42 U.S.C. § 1395ii.

2. To excuse his failure to exhaust, Mikuriya also cites another pre-*Illinois Council* decision, *Klein v. Heckler,* 761 F.2d 1304 (9th Cir.1985), but this is equally unavailing. We not need explore any impact *Illinois Council* might have had on *Klein,* as Mikuriya presented his applicability argument for the first time in the district court. As such, he certainly did not "present[ ] his ... claim at a sufficiently high level of review to satisfy the Secretary's administrative needs," *Klein,* 761 F.2d at 1312 (quoting *Weinberger v. Salfi,* 422 U.S. 749, 765–66, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)), so *Klein* is inapposite even on its own terms. *See also id.* at 1306–07.