Carla LARSEN, Plaintiff–Appellant,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.

No. 08–35422.

United States Court of Appeals, Ninth Circuit.

Submitted July 8, 2009.*

Filed July 10, 2009.

David B. Lowry, Law Offices of David B. Lowry, Portland, OR, for Plaintiff–Appellant.

Nancy Albert Mishalanie, Social Security Administration Office of the General Counsel, Seattle, WA, Britannia I. Hobbs, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

R.App. P. 34(a)(2).

Before: PREGERSON, RYMER, and GRABER, Circuit Judges.

MEMORANDUM and ORDER **

Carla Larsen appeals from the district court's order dismissing her appeal in this social security case for lack of subject matter jurisdiction. We affirm.[1]

In *Matlock v. Sullivan*, 908 F.2d 492, 492–93 (9th Cir.1990), this court held that "jurisdiction was lacking" over the "Appeals Council's discretionary refusal to consider an untimely request for review." *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1403(a)(8). *Matlock* squarely controls this case. Therefore, Larsen's reliance on *McNatt v. Apfel*, 201 F.3d 1084 (9th Cir.2000), is misplaced.

Larsen's contention that waiver of the exhaustion requirement is warranted also fails. Larsen's claim is an allegation of individual errors that is intertwined with her claim for relief, and development of an agency record would serve the purposes of exhaustion; accordingly, waiver of exhaustion is not warranted. *Kildare v. Saenz*, 325 F.3d 1078, 1082–83, 1084 (9th Cir. 2003).

Because Larsen failed to raise a due process claim before the district court, this claim is waived on appeal. *See Edlund v. Massanari*, 253 F.3d 1152, 1158 & n. 7 (9th Cir.2001); *Crawford v. Lungren*, 96 F.3d 380, 389 n. 6 (9th Cir.1996).

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we affirm the district court's conclusion that it lacked jurisdiction, we deny the Commissioner's motion to strike, and Larsen's motion to supplement the record on appeal, as moot.

