**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARCELLUS DAVIS, Jr., | No. 10-56411 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03500-JFW-RNB |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Marcellus Davis, Jr., appeals pro se from the district court's judgment

upholding the Social Security Administration Commissioner's decision regarding

the calculation of Davis's monthly benefits. We have jurisdiction pursuant to 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo the district court's decision, and may set aside the Commissioner's decision only if it is based on legal error or is not supported by substantial evidence in the record. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). We affirm.

The Commissioner properly reduced Davis's monthly Supplemental Security Income benefits based on the retirement benefits that Davis began to receive. *See* 42 U.S.C. § 1382(b) (explaining that Supplemental Security Income benefits are reduced by the amount of income an individual receives); *id.* at § 1382a(a)(2)(B) (defining income to include retirement benefits). The overpayment rules cited by Davis do not apply to him because the Commissioner has not acknowledged, or sought an adjustment or recovery of, any overpayment. *See* 20 C.F.R. § 404.512 (an *adjustment* or *recovery* to recoup an overpayment will not be made if certain conditions apply (emphasis added)).

The Commissioner lacked jurisdiction to review workers' compensation benefits awarded to Davis by other agencies. *See, e.g.*, 33 U.S.C. § 921(b) (orders under the Longshore and Harbor Workers' Compensation Act are reviewed by the Benefits Review Board). Further, we lack jurisdiction to review the Commissioner's decision not to reopen Davis's prior Social Security benefits determination. *See Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990)

("Appeals Council decisions to refrain from considering untimely petitions for review are not final decisions subject to review in federal court."). Davis's contention that the Administrative Law Judge ("ALJ") violated his due process rights in the prior hearing is unpersuasive. *See Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 723 (9th Cir. 1985) (explaining the procedural protections afforded at a hearing before an ALJ).

Davis's contention that the magistrate judge and district court judge should be recused is unavailing. *See United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2010) (adverse rulings are insufficient to warrant recusal).

**AFFIRMED.**