952 F.2d 1396
 2 NDLR P 202
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ollie DILLOW, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-2543.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 5, 1991.
Decided Jan. 21, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon, No. CA-91-53-A, Glen E. Conrad, Magistrate Judge.
 Martin Wegbreit, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, Va., for appellant.
 Eileen Bradley, Chief Counsel, Region III, William B. Reeser, Supervisory Assistant Regional Counsel, Deborah Fitzgerald, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., John P. Alderman, United States Attorney, Jean M. Barrett, Assistant United States Attorney, Roanoke, Va., for appellees.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON, HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ollie Dillow appeals from a magistrate judge's order[1] that dismissed her claim for supplemental security income benefits because the court lacked jurisdiction to review the Social Security Appeals Council's dismissal of her untimely request for review. Because we also find that the magistrate judge lacked jurisdiction, we affirm.
 
 
 2
 Dillow was denied Social Security benefits after an administrative hearing in February 1989. The decision issued to Dillow plainly stated that any appeal must be filed with the Appeals Council within sixty days from the date of receipt of the Notice of Decision; the date of receipt was presumed to be five days after the date on the decision. In May, over ninety days after the Administrative Law Judge issued his decision, Dillow's appointed paralegal representative filed an untimely request for review by the Appeals Council. Attached were a cover letter, a list of points of disagreement with the administrative ruling, an affidavit from the paralegal, and a request for an enlargement of time in which to file a request for review.
 
 
 3
 In his affidavit, the paralegal stated that he learned from Dillow's congressman that the Appeals Council had not received a request for review of the denial of benefits, and he stated that he believed he had appealed the decision in March. Neither party nor the court has a copy of any such request for review. The paralegal stated in his affidavit that he noted on his file jacket for the case that he had timely appealed the decision and requested a copy of the hearing tape. Based on this "good faith belief" that he had filed a timely request for review, the paralegal requested that the Appeals Council permit him to file a request out of time.
 
 
 4
 In October, the Appeals Council responded to the May submission with a form letter in which it stated that a tape of the hearing was enclosed. The Council requested any additional material evidence and stated that it would "not grant [Dillow] another extension of time to submit evidence and/or arguments in the absence of extraordinary circumstances." (emphasis added). Dillow then submitted a letter from her treating physician to the effect that she was not able to work because of chronic back pain. The Appeals Council dismissed the request for review in February 1990 because it was not filed within the sixty-day time limit and because Dillow had not established good cause for the late filing.
 
 
 5
 An administrative hearing decision on Social Security benefits is binding unless the claimant requests review by the Appeals Council within sixty days or unless an extension of time is granted for good cause. 20 C.F.R. §§ 416.1455, 416.1468 (1991). The Council may dismiss a request for review if it is not filed within the time limit and if the time for filing was not extended. 20 C.F.R. § 416.1471 (1991). Such dismissal is binding and not subject to further review. 20 C.F.R. § 416.1472 (1991). Judicial review of Social Security claims is limited to a "final decision of the Secretary made after a hearing to which [the individual] was a party." 42 U.S.C. § 405(g)(1988); see also Califano v. Sanders, 430 U.S. 99, 108 (1977). Refusal to review for failure to file a timely request is not a "final decision by the Secretary" reviewable under 42 U.S.C. §§ 405(g), 1383(c)(3) (1988). Adams v. Heckler, 799 F.2d 131, 133 (4th Cir.1986). See also Matlock v. Sullivan, 908 F.2d 492, 493 (9th Cir.1990); Smith v. Heckler, 761 F.2d 516, 518-19 (8th Cir.1985); Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir.1983); Watters v. Harris, 656 F.2d 234, 239 (7th Cir.1980). The magistrate judge therefore correctly concluded that the district court lacked jurisdiction over Dillow's appeal. Accordingly, we affirm dismissal of her claims.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c)(2)
 
 
 [2]
 Dillow also asserts that the Appeals Council granted her an extension of time in its October 1989 letter and that the magistrate judge erred in concluding that she had not established good cause for her late filing. No matter how the letter is construed, it does not alter our opinion that the dismissal is not reviewable. The record contains no evidence of good cause aside from the paralegal's affidavit that he held a "good faith belief" that he had timely filed a request for review. This is insufficient. See 20 C.F.R. § 416.1411 (1991)