**Arthur G. STONE, Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of the U.S. Department of Health and Human Services, Defendant-Appellee.**

No. 84–3863.

United States Court of Appeals, Eleventh Circuit.

Dec. 16, 1985.

* Honorable Reynaldo G. Garza, U.S. Circuit Judge for the Fifth Circuit, sitting by designa-

Frank E. Hamilton, III, Tampa, Fla., for plaintiff-appellant.

Elyse S. Sharfman, U.S. Dept. of Health and Human Services, Atlanta, Ga., for defendant-appellee.

Before HILL, ANDERSON and GARZA *, Circuit Judges.

ANDERSON, Circuit Judge:

Appellant Stone challenges the district court's dismissal of his claim for disability benefits under the Social Security Act. The district court dismissed the case because Stone's complaint was not timely filed under 42 U.S.C.A. § 405(g). Stone had moved the Appeals Council to extend the time guideline of § 405(g) for filing suit in district court. The Appeals Council denied Stone's third motion to extend time to file suit in district court, and, therefore, by the time Stone filed his suit the prior extension granted by the Appeals Council had expired. We affirm.

## I. FACTS AND BACKGROUND

In October 1981, Stone discovered he had a brain tumor. In November 1981, Stone underwent surgery for removal of the tumor, but the removal was not complete. Extensive radiation therapy followed. Apparently, Stone must be maintained on high levels of medication and continues to suffer from seizures. In December 1981, Stone filed an application for disability benefits. His application, and a further request for reconsideration, were denied in early 1982. Stone then requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held in June 1982. On August 17, 1982, the ALJ denied Stone's application.

tion for benefits.[1] On November 12, 1982, Stone made a timely request for review of the ALJ's decision with the Appeals Council.[2] Accompanying the Appeals Council's denial on March 11, 1983, was notice to Stone of his right to commence a civil action in federal district court within sixty days from the date of receipt of the notice. *See* 42 U.S.C.A. § 405(g).

Thereafter, Stone filed a series of requests for additional time to file a district court action. Under the Social Security regulations, the Appeals Council has the authority to extend the sixty-day time limit for filing suit "upon a showing of good cause." 20 C.F.R. § 422.210(c). The chronology of Stone's motions to the Appeals Council, and the Appeals Council's response thereto, is summarized as follows:

May 9, 1983—Within the original 60 days, Stone requested additional time to file a civil action.

May 27, 1983—The request for additional time to file a civil action was *granted* by Appeals Council. Stone requested an extension until 60 days after disposition by the Appeals Council of Stone's motion to reopen, but the additional time granted was sixty days from receipt by Stone of the Appeals Council's letter (the letter was received June 4, 1983), or until approximately August 2, 1983.

July 21, 1983—Stone made a second request to Appeals Council to extend time to file a civil action.

September 6, 1983—Appeals Council granted the second extension, but informed Stone that no further extensions would be granted. This extension was also to run for sixty days from the date of receipt of the letter, effectively granting an extension until November 11, 1983.

October 5, 1983—Stone filed three motions with the Appeals Council. He filed a motion to reopen the record (based in large part on the recent September 26 decision to grant disability benefits in conjunction with Stone's second application; *see supra* note 2). He also filed a motion to review the initial ALJ decision. Finally, he filed a third motion to extend time to file a civil action.

January 13, 1984—Appeals Council denied all three of Stone's motions, including his third motion to extend time to file his civil action.

On February 28, 1984, Stone filed suit in federal district court. He claimed that the Appeals Council had abused its discretion in failing to grant his motion to extend time to file the civil action, and further argued that upon finding an abuse of discretion in the Appeals Council's failure to grant the extension, the court should reverse the underlying decision by the ALJ denying disability benefits. The district court dismissed the lawsuit on the ground that an Appeals Council decision not to extend the time for filing a civil action is not subject to judicial review. Therefore, the court held Stone's complaint was not timely filed. This appeal ensued.

## II. IS THE APPEAL'S COUNCIL'S DECISION NOT TO GRANT AN EXTENSION OF TIME TO FILE A CIVIL ACTION SUBJECT TO JUDICIAL REVIEW?

In *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court held that the Secretary's administrative denial of a request to reopen a prior adverse administrative decision is not subject to judicial review in the federal

---

**1.** Apparently, the ALJ found that Stone was currently disabled, but refused to grant benefits on the ground that the disability would not last twelve months. In order to be awarded disability benefits, a claimant must be disabled within the meaning of the Social Security Act and the disability must be expected to result in death or must have lasted or be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C.A. § 423(d)(1)(A).

**2.** In February 1983, Stone filed a second claim for disability benefits based upon the same disability alleged in his first claim. This claim for benefits was granted on September 26, 1983, and determined that Stone was disabled as of August 18, 1982, the day after the ALJ's decision denying Stone's initial application for benefits.

courts. *Sanders* explained that the administrative decision not to reopen[3] is not a "final decision" of the Secretary and, therefore, is not judicially reviewable under 42 U.S.C.A. § 405(g).

42 U.S.C.A. § 405(g) provides in relevant part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.[4]

Stone claims that the Appeals Council's decision not to extend the time period for filing a civil action is not governed by *Sanders,* but rather is subject to judicial review under this court's holding in *Bloodsworth v. Heckler,* 703 F.2d 1233 (11th Cir.1983). In *Bloodsworth,* the plaintiff was denied disability benefits after a hearing before an ALJ. He then "inadvertently missed the sixty day time limit for appeals to the Appeals Council, and a request for review by the Appeals Council filed approximately two weeks after the deadline was dismissed on the basis of untimeliness without good cause." *Id.* at 1235. In an earlier case, the former Fifth Circuit[5] had held that an administrative decision by the Secretary declining to extend time to file a request for review with the Appeals Council was "final" within the meaning of § 405(g), and therefore was subject to judicial review. *See Langford v. Flemming,* 276 F.2d 215, 217–18 (5th Cir. 1960). The question in *Bloodsworth,* therefore, was whether the Supreme Court's decision in *Califano v. Sanders* had implicitly overruled or diluted the otherwise binding precedent of *Langford.* *See Bloodsworth,* 703 F.2d at 1236.

The *Bloodsworth* court held that there was judicial review of an Appeals Council decision denying an untimely appeal from an ALJ hearing:

> The Appeals Council decision not to review *finalizes* the decision made after a hearing by the administrative law judge, fulfilling the statutory requirements of section 405(g). The claimant may then appropriately appeal his case to the district court.... By contrast, the interpretation for which the Secretary now argues would leave a claimant permanently in limbo. Under the Secretary's reasoning, the claimant would never have a "final" decision, because the decision of the administrative law judge would not be final until the Appeals Council had reviewed it on the merits. But the claimant would certainly be "finished" because Appeals Council dismissals are reviewable only by appeals to the federal district court, which adoption of the Secretary's position would foreclose.

*Id.* at 1239 (emphasis in original).

The *Bloodsworth* court noted that a contrary conclusion had been reached by the Eighth Circuit in *Sheehan v. Secretary of HEW,* 593 F.2d 323 (8th Cir.1979) (Appeals Council's decision denying review of late application not subject to judicial review). Since then, numerous circuit courts, following *Sanders,* have held that administrative determinations not to extend time are not subject to judicial review. *See Smith v. Heckler,* 761 F.2d 516 (8th Cir.1985) (Appeals Council's decision not to consider untimely request for review not "final" decision under § 405(g), thus precluding judicial review; explicitly rejecting *Bloods-*

---

**3.** Under the regulations, the Secretary has the discretion, based on certain broad criteria, to reopen a case at any time. 20 C.F.R. §§ 404.-987–404.989.

**4.** 42 U.S.C.A. § 405(h) further makes clear that § 405(g) is the exclusive grant of jurisdiction with respect to federal court claims challenging the Secretary's administrative actions on disability claims.

**5.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

worth ); *White v. Schweiker,* 725 F.2d 91 (10th Cir.1984) (denial of extension of time to request ALJ hearing not subject to judicial review); *Penner v. Schweiker,* 701 F.2d 256 (3d Cir.1983) (Secretary's denial of extension of time to request hearing not subject to judicial review under § 405(g), but holding that district court had jurisdiction to consider due process challenge based on ineffective notice of the Secretary's determination); *Dietsch v. Schweiker,* 700 F.2d 865 (2d Cir.1983) (refusal by Appeals Council to enlarge time for its review not subject to judicial review); *Watters v. Harris,* 656 F.2d 234 (7th Cir.1980) (denial of motion to extend time to request hearing before ALJ not subject to judicial review); *see also Sullivan v. Heckler,* 602 F.Supp. 85 (D.Md.1985) (Appeals Council decision denying review of late application not subject to judicial review; explicitly rejecting *Bloodsworth* ); *Burbage v. Schweiker,* 559 F.Supp. 1371 (N.D.Cal. 1983) (ALJ's denial of request for extension of time not subject to judicial review).

Although *Bloodsworth* has been explicitly or implicitly rejected by other circuit courts of appeal, it remains binding precedent in this circuit. However, *Bloodsworth* is distinguishable. *Bloodsworth* involved a request to extend the time for appealing to the Appeals Council from an ALJ's decision; this case involves a request for extension of time to appeal to the district court from a final Appeals Council decision. This distinction implicates a major factor in the *Bloodsworth* analysis. The *Bloodsworth* court emphasized the fact that the ALJ's decision itself was not judicially reviewable, and unless the Appeals Council's dismissal of the case were judicially reviewable, the claimant would be "permanently in limbo," 703 F.2d at 1239, and denied any opportunity for judicial review. By contrast, in the instant case, the

Appeals Council actually reviewed and affirmed the ALJ's decision denying benefits to Stone. Unlike Bloodsworth, Stone got a final, appealable decision from the Appeals Council. Stone could have, and should have, proceeded directly to district court, thereby obtaining the judicial review on the merits that he now seeks. Stone was never in limbo, as was the claimant in *Bloodsworth.*

Instead, on three occasions Stone sought permission to extend the statutorily imposed sixty-day limitations period during which a district court suit must be filed to challenge the Secretary's "final" decision. The Appeals Council extended the time period twice as it was authorized to do under 20 C.F.R. § 422.210(c). Stone filed his civil action approximately two months after the Appeals Council's second extension expired, and subsequent to the Appeals Council's denial of Stone's third motion to extend the time to file suit.[6] The Appeals Council was not required to extend the statute of limitations indefinitely. Indeed, the sixty-day statutory limit expressed in 42 U.S.C.A. § 405(g) indicates that a Social Security claimant should not rely upon the possibility of an administrative extension of time, but rather must file suit timely to insure judicial review. A contrary result would allow "claimants ... [to] frustrate the Congressional intent 'to forestall ... belated litigation of stale eligibility claims.' " *Peterson,* 631 F.2d at 630 (quoting *Sanders,* 430 U.S. at 108, 97 S.Ct. at 985).

The Ninth Circuit has rejected judicial reviewability of denials of extensions of time in the precise context at issue in this case. *See Peterson v. Califano,* 631 F.2d 628 (9th Cir.1980). In *Peterson,* the court held, as did the district court in the instant case, that the Appeals Council's denial of

6. As we have noted, Stone filed three motions on October 5, 1983, all of which were denied on January 13, 1984. In addition to his motion to extend time to file a civil action, Stone also filed a motion to reopen the record, and a so-called "motion for review" of the Appeals Council's prior decision denying review. These latter two motions envision a reopening of the case and a

further review on the merits by the Appeals Council. As such, they involve "a second excursion through the decision-making process," *Bloodsworth v. Heckler,* 703 F.2d 1233, 1238 (11th Cir.1983), and judicial review thereof is clearly barred under the Supreme Court's decision in *Sanders.*

an extension of time to file a civil action, was not subject to judicial review. In *Peterson,* the court distinguished the former Fifth Circuit case of *Langford v. Flemming,* the case upon which the *Bloodsworth* court had relied. *Peterson* distinguished an extension of time to file a civil action from an extension of time for Appeals Council review of an ALJ decision as follows:

> *Langford* lends Peterson little support. The key distinction is that it involved the period for filing an intra-agency administrative appeal, not for filing a complaint in federal district court. The only substantive decision Langford had received was from an administrative law judge and therefore not subject to judicial review. Consequently, the Appeals Council decision not to extend the administrative filing period was the only "final decision" Langford would receive. If she could not appeal it, she could not appeal at all. In the instant case, on the other hand, Peterson received a final decision when the Appeals Council affirmed the administrative law judge's decision on the merits, and he could have obtained full judicial review of that decision had he timely filed.

631 F.2d at 630 n. 3. The *Peterson* court held that there could be no judicial review of a decision by the Appeals Council refusing to extend the time for appealing to the district court. Judicial review in that context was considered by the court to be similar to the *Sanders* context; "both would defeat the intent of Congress to compress the time for judicial review." Id. at 630.

Congress provided that disappointed claimants must file suit in district court within sixty days (unless extended by the

Secretary) in order to obtain judicial review. The Supreme Court in *Sanders* held that it would frustrate this Congressional purpose to permit judicial review of the Secretary's denial of a petition to reopen. We agree with the Ninth Circuit in *Peterson* that it would similarly frustrate that Congressional purpose to allow judicial review of motions to extend the time for filing in the district court.

Thus, we conclude that the Secretary's decision not to extend the sixty-day statute of limitations of 42 U.S.C. § 405(g) for filing in the district court is not subject to judicial review. The decision[7] of the district court is

AFFIRMED.[8]

---

7. Although the 60 day time period provided for in 42 U.S.C.A. § 405(g) is not jurisdictional, but rather is a statute of limitations, *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975); *Shows v. Dept. of Health and Human Services,* 740 F.2d 891 (11th Cir. 1984), the Secretary has not waived the limitations defense and Stone has asserted no grounds for equitable tolling or estoppel.

8. We note that the Secretary, having won the legal dispute in this case, may want to entertain a new motion to reopen the case. *See* 20 C.F.R. § 404.989(a)(1), (3). The unusual facts of this case, including the fact that Stone has been granted disability benefits for all periods subsequent to the day on which the ALJ denied his initial disability claim, *see supra* note 2, suggests that a re-evaluation of the claim might well be equitable.