**Margo E. WATERS, Plaintiff,**

v.

**Larry MASSANARI,[1] Acting Commissioner of Social Security Administration, Defendant.**

**No. CIV.A. 1:00–CV–596–BBM.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 31, 2001.

---

**1.** The complaint alleged Kenneth S. Apfel, then Commissioner of the Social Security Administration as defendant. William A. Halter was thereafter named Acting Commissioner. Larry G. Massanari was designated Acting Commissioner on March 29, 2001. Federal Rules of Civil Procedure 25(d)(1) makes a successor to public office automatically substituted as the proper party. No further action is needed to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

Charles Lee Martin, Office of Charles L. Martin, Decatur, GA, for Plaintiff.

Robert David Powell, Office of United States Attorney, Northern District of Georgia, Atlanta, GA, for Defendants.

## ORDER

MARTIN, District Judge.

Plaintiff Margo E. Waters brought this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her application for Social Security Disability Benefits ["DIB"]. Before the Court are Plaintiff's Brief [Doc. 17] and the Commissioner's "Memorandum in Support of the Appeals Council's Dismissal." [Doc. 20]. The reference to the Magistrate Judge is **WITHDRAWN.** For the reasons set forth below, Plaintiff's complaint is hereby **DISMISSED.**

### I. Procedural History:

Plaintiff initially filed an application for DIB on September 23, 1996, alleging disability commencing on December 31, 1995. [Record (hereinafter "R") 130–32]. The application was denied initially and on reconsideration. [R107, 116]. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). [R104]. The hearing was held on February 23, 1998, before ALJ Jack Williams. [R65–100]. On May 14, 1998, the ALJ issued his "Notice of Decision—– Unfavorable," denying Plaintiff's claim on the grounds that she was not under a disability as defined by the Act. [R39–54].

On July 22, 1998, Plaintiff's counsel wrote a letter to the Appeals Council and submitted an argument in support of Plaintiff's request for review. [R32–3]. The Appeals Council's records note that it received this request on July 28, 1998.[R30].

On December 28, 1999, the Appeals Council dismissed plaintiff's request for review on the grounds that the request was not filed within 60 days from the May 14, 1998, Notice of Decision. [R7–8].

Plaintiff filed the current action on February 16, 2000. [Doc. 2]. The Commissioner filed his answer and transcript on January 8, 2001. [Docs. 11 and 12]. Plaintiff filed her brief on appeal on March 20, 2001. [Doc. 17]. The Commissioner filed his "Memorandum in Support of the Appeals Council's Dismissal" on June 28, 2001. [Doc. 20]. The Magistrate Judge heard oral argument on July 12, 2001. [Minute Sheet, at Doc. 21].

*Facts:*

The parties are in agreement that if this Court concludes that the Appeals Council erroneously rejected Plaintiff's request for a review and thus did not consider her application on the merits, the appropriate relief would be to remand this case for the Appeals Council to review the decision of the ALJ. If, on the other hand, the Appeals Council was correct in dismissing Plaintiff's request for review, then this Court is without authority to review the merits of the ALJ's decision.

With that in mind, the following additional facts are relevant to the instant controversy:

1. Plaintiff was represented by counsel in the hearing before the ALJ. [R63, 65].

2. The ALJ's "Notice of Decision— Unfavorable" advised Plaintiff that she had to file her request for review by the Appeals Council within 60 days of the date she received the notice. "The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5–day period. The Council will dismiss a late request unless you show you had good cause for not filing it on time." [R39].

3. In his July 22, 1998, letter to the Appeals Council, Plaintiff's counsel wrote, in relevant part:

This letter is to submit the claimant's argument in support of the request [for] a review of the hearing decision in the above-referenced matter. The claimant went in person to the Covington, Georgia, district office, apparently on May 26, 1998, to appeal her hearing denial. She has decided not to pursue the appeal herself, and has asked me to represent her on appeal. If her appeal was not filed or protectively filed on May 26, please consider this letter a request to extend the time to request review because she did inform the district office of [sic] she wanted to appeal the decision. As I did not represent her below, I am also enclosing a copy of my Appointment of Representative form and fee agreement.

[R32].

4. Attached to the July 22, 1998, letter were the fee agreement between counsel and Plaintiff, and an Appointment of Representative form. Each was dated June 10, 1998. [R36–8]. The record reflects that the letter and representative materials were received by the Appeals Council on July 28, 1998. [R30, 38].

5. There is no evidence in the record, other than Plaintiff's counsel's statement in his July 22 letter, of Plaintiff's request to appeal dated May 26, 1998.

6. Thereafter, on August 5, 1998, Plaintiff's counsel sent to the Appeals Council medical records ·dated July 23, 1998. [R26–29]. On August 31, 1998, Plaintiff's

counsel sent additional medical records dated August 24, 1998. [R24–25]. He sent additional medical records, dated July 28, 1998, to the Appeals Council on September 4, 1998. [R20–23].

7. On December 2, 1998, Plaintiff's counsel wrote the Appeals Council, stating "I have filed an appeal of the decision of the Administrative Law Judge in the above-referenced claim, but have heard nothing since that time. The decision was appealed on the following date: 7/22/98[.]" [R19].

8. On December 23, 1998, Plaintiff's attorney sent to the Appeals Council medical records dated December 15, 1998. [R17–18]. On March 17, 1999, Plaintiff's attorney transmitted additional medical records, dated December 28, 1998, through February 15, 1999, to the Appeals Council. [R12–16].

9. On June 15, 1999, Plaintiff's attorney wrote the Appeals Council, Branch IV, Office of Hearings and Appeals in Falls Church, Virginia, stating "I filed an appeal of the decision of the Administrative Law Judge in the above-referenced claim, but have heard nothing since that time.... Please inform me regarding status as soon as possible so that I can proceed accordingly...." [R11].

10. On November 10, 1999, Plaintiff's counsel submitted additional medical records dated October 26, 1999. [R9–10].

11. Then, on December 28, 1999, the "Order of Appeals Council" was issued. In it, John W. Wojciechowski, Administrative Appeals Judge, held:

This case is before the Appeals Council on the claimant's request for review of the Administrative Law Judge's decision issued on May 14, 1998. The request for review filed on July 28, 1998, was not filed within 60 days from the date notice of the decision was received, as required by 20 CFR 404.968(a) and 416.1468(a). The date of receipt of the notice is presumed to be five (5) days after the date of such notice unless a reasonable showing to the contrary is made.

The regulations provide that the Appeals Council may dismiss a request for review where the claimant has failed to file the request within the stated period of time and the time for filing has not been extended (20 CFR 404.971 and 416.1471). The time period will be extended if good cause is shown for missing the deadline (20 CFR 404 .968(b) and 416.1468(b)).

In connection with the request for review, the claimant's representative stated that "the claimant went in person to the Covington, Georgia district office, apparently on May 26, 1998, to appeal her hearing denial." The representative then requested that an extension of time to request review be granted if an appeal was not filed because the claimant informed the district office that she wanted to appeal the decision.

The evidentiary record, however, contains no evidence from the claimant or the district office that the claimant informed the Administration of her intent to appeal the Administrative Law Judge's decision before July 22, 1998, although there is evidence that the claimant retained her representative on June 10, 1998, well within the appeals period. If the claimant had called at the district office to file an appeal, forms would have been completed with the claimant's signature and a copy would have been given to her for her records. The claimant was denied at the initial and reconsideration levels and familiar with the appeals process. The Appeals Council is not persuaded that the claimant was under the impression that an appeal had been filed or even that she made such inquiry.

The Appeals Council, therefore, finds that there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review. The Administrative Law Judge's decision remains final and binding on the applications filed on September 9 and September 23, 1996.

[R7–8]. Following that decision, Plaintiff filed the instant civil action.

**Issue Presented for Review:**

▪ The issue to be decided is, as the Commissioner argues, whether the scope of this Court's review is limited to whether the Commissioner abused his discretion in dismissing Plaintiff's request for review, *Langford v. Flemming,* 276 F.2d 215, 218–19 (5th Cir.1960), or as Plaintiff argues, whether dismissal of the request for review make the ALJ's decision on the merits the final decision, which in turn may be subject to judicial review by this Court?

**Discussion:**

Plaintiff argues that Eleventh Circuit precedent and the Commissioner's own rulings allow this Court to review the merits of her DIB application, even if she was late in requesting Appeals Council review. In her brief contesting the ALJ's decision [Doc. 17], Plaintiff contested validity of the Appeals Council's dismissal only in passing:

The Commissioner, in his answer, has denied that the action of the Appeals Council gives the court jurisdiction to review the decision of the ALJ, and argues that the court only has jurisdiction over the question of whether the AC's action was proper. This position is ultra vires, and is not made in good faith. It is binding law in this circuit that the Appeals Council's dismissal of a

request for review renders the decision of the ALJ final and appealable. "Under 20 C.F.R. Sec. 404.981 the Appeals Council decision not to review finalizes the decision made after a hearing by the administrative law judge, fulfilling the statutory requirements of section 405(g). The claimant may then appropriately appeal his case to the district court, as specified in 20 C.F.R. 404 .981." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). Not only is the Social Security Administration aware that this is binding law in the Eleventh Circuit, it has published its acknowledgment that it is binding. AR 99–4(11) (1999).[2]

[Doc. 17 at p. 1 note 1].

In its memorandum, the Commissioner argues that the most this Court can do under *Bloodsworth* and *Langford* is determine whether or not there was an abuse of discretion in the Appeals Council's dismissal of Plaintiff's out-of-time request for review.

The Social Security Act provides that "[any] individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a part, ... may obtain a review of such decision by a civil action" in federal district court. 42 U.S.C. § 405(g). The Act does not define "final decision," instead leaving the Social Security Administration to give meaning to that term through regulations. *See* § 405(a); *Sims v. Apfel,* 530 U.S. 103, 106, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000); *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457 (1975). Social Security regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. If, on the other hand, the

**2.** Social Security Administration Acquiescence Ruling 99–4(11) is found at 1999 WL 1137369 (S.S.A.)(October 26, 1999).

Council denies the request for review, the ALJ's opinion becomes the final decision. *See* 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a).

■ Generally, if a claimant fails to request review from the Council, there is no final decision, and as a result, no judicial review in most cases. *See* § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482–83, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). In administrative law-parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies. *See Salfi, supra,* at 765–66, 95 S.Ct. 2457.

Social Security regulations require a claimant to request Appeals Council review within 60 days of receiving notice of the decision of the ALJ. 20 C.F.R. §§ 404.968, 416.1468; *Bivines v. Bowen,* 833 F.2d 293, 296 (11th Cir.1987). The Commissioner has promulgated regulations allowing an out-of-time request for review where the claimant establishes "good cause" for not appealing in a timely manner. 20 C.F.R. §§ 404.968(b), 416.1468(b). In evaluating good cause, the Commissioner's regulations provide:

Good cause for missing the deadline to request review.

(a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider-

(1) What circumstances kept you from making the request on time;

(2) Whether our action misled you;

(3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and

(4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

(b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:

(1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.

(2) There was a death or serious illness in your immediate family.

(3) Important records were destroyed or damaged by fire or other accidental cause.

(4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.

(5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeal Council review or filed a civil suit.

(6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.

(7) You did not receive notice of the determination or decision.

(8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.

(9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file time-

ly, or which prevented you from filing timely.

20 C.F.R. §§ 404.911, 416.1411.

The Eleventh Circuit is only federal circuit which grants judicial review of the Appeals Council's dismissal of an untimely request for review. *Compare Stone v. Heckler,* 778 F.2d 645, 648 (11th Cir.1985), *with Harper v. Bowen,* 813 F.2d 737, 740–43 (5th Cir.1987). As noted in both of those cases, the other circuit courts of appeal have expressly or implicitly held that when the Appeals Council *dismisses* a request for review, as opposed to *denying* the request for review, there is no right to judicial consideration of the dismissal, because there is no "final decision" of the Commissioner. *Stone* at 647–48; *Harper* at 742–43.

The question in this case is what is the scope of the review afforded a late-requesting plaintiff in the Eleventh Circuit. Resolution of that issue requires a survey of Eleventh Circuit precedent. The starting point is *Langford v. Flemming,* 276 F.2d 215, 218–19 (5th Cir.1960).[3] In 1951, Mrs. Langford sought benefits for her adopted daughter on the basis of the wage record of her deceased husband. Her claim was denied by the Administration, and she was advised of her right to review by the Appeals Council, which at the time was within 30 days of the decision. She took no action for nearly six years, when in May 1957, she sought review of the decision and requested, by way of an affidavit, an extension of time so that her appeal would be timely. The Appeals Council dismissed the request for extension of time and for review, on the grounds it was untimely and that she had not shown good cause for the extension request. 276 F.2d at 217.

The district court dismissed her complaint seeking review of the Administration's adverse ruling. On appeal to the Fifth Circuit, the Administration argued that the court lacked jurisdiction to consider Langford's case because there was no "final decision." The Fifth Circuit disagreed, and held that the Appeals Council's decision that Langford's request for review was untimely was in fact a "final" decision subject to judicial review. 276 F.2d at 218 n. 4.

The *Langford* Court recognized that the Administration's own regulations allowed the Appeals Council to review late-filed requests administratively for "good cause." Thus, the decision not to extend the time and review the merits was a "final decision" since the claimant had completed all administrative steps. However, judicial review was limited to the propriety of the administrative decision to extend the time. 276 F.2d at 218. In conducting such review, the court was limited to whether the refusal by the Appeals Council to extend time was unreasonable or arbitrary:

> Good cause by its very nature calls for the evaluation of many subtle factors. Here Congress has given the task to the administrative agency experienced in dealing with claims to decide this in the first instance. And in the absence of an abuse of discretion, we must be bound by the administrative determination " * * * even though the court would justifiably have made a different choice had the matter been before it de novo." *See*

---

3. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981. Since the split of the circuits in 1981, the *Langford* case has been overruled in the Fifth Circuit, *see e.g., Har-* per v. Bowen, 813 F.2d 737, 743 (5th Cir. 1987). However, the principle espoused in *Langford* was upheld in *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983), which "remains binding precedent in this [the Eleventh] circuit." *Stone v. Heckler,* 778 F.2d 645 (11th Cir.1985).

*N.L.R.B. v. Fant Milling Co.*, [360 U.S. 301, 309, 79 S.Ct. 1179, 3 L.Ed.2d 1243 (1959) ].

*Langford* at 219.

The issue presented here again arose in *Bloodsworth*. There, the plaintiff missed the 60–day deadline for appeals to the Appeals Council by two weeks, and his request for review was dismissed on the basis of untimeliness without good cause. He then sued in district court alleging the dismissal was not supported by substantial evidence. Disagreeing with the Administration that *Langford* had been implicitly overruled by *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the district court found jurisdiction to review the denial of the extension under *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), and remanded the case to the Appeals Council. The Commissioner did not appeal that decision. On remand, the Appeals Council, despite its noted position that the appeal was untimely, reviewed the case on the merits and denied Bloodsworth's request for review. The district court affirmed, and Bloodsworth appealed. Before the Eleventh Circuit, the Commissioner again challenged judicial jurisdiction. She again argued that *Langford*'s holding that an " 'administrative decision declining to extend time and review the merits ... certainly is final,' " was implicitly overruled by *Sanders*. The Eleventh Circuit disagreed, noting the difference between reopening an administrative decision at issue in *Sanders* and consideration of an untimely administrative appeal. It explained that the former was an extraordinary request for a "second excursion through the decision making process," warranting a greater degree of judicial deference to the administrative agency, while the latter was the appropriately "final decision" from which to take an appeal to the district court. *Bloodsworth* at 1237–38. It thus concluded that "*Lang-*

*ford* remains controlling authority." *Bloodsworth* at 1239.

The Eleventh Circuit's final gloss on this issue was *Stone v. Heckler*, 778 F.2d 645 (11th Cir.1985). Stone timely appealed the ALJ's decision, but failed to file a civil action in district court within 60 days of the Appeals Council's decision denying his request for review. He made numerous requests of the Appeals Council to extend the time to file suit in federal court, each of which was denied on the grounds that he failed to demonstrate "good cause." His subsequently filed federal complaint was dismissed. On appeal, the Eleventh Circuit dismissed the appeal, finding that the request to extend the time to file suit in district court was more like the petition to reopen in *Sanders* than the facts presented in *Bloodsworth*. It noted that Stone had the right to judicial review but failed to exercise it in a timely manner, while in *Bloodsworth*, the claimant who missed the Appeals Council deadline risked never having his case considered in federal court. *Stone* at 647–48. The *Stone* Court reiterated that *Bloodsworth* held that there was judicial review of an Appeals Council decision denying an untimely appeal from the ALJ hearing, and while *Bloodsworth* had been rejected in other circuits, it remained binding in the Eleventh Circuit. It noted that *Bloodsworth* emphasized that "the ALJ's decision itself was not judicially reviewable, and unless the Appeals Council's dismissal of the case were judicially reviewable, the claimant would be 'permanently in limbo,' ... and denied any opportunity for judicial review." *Stone* at 648.

Thus, under binding Eleventh Circuit case law, *Langford*'s grant of limited review of an Appeals Council decision dismissing an untimely request for review still stands. However, the canvassing of the post-*Langford* decisions offers no sup-

port for Plaintiff's argument that after dismissal by the Appeals Council, the Court can nevertheless review the ALJ's disability benefits decision. To hold otherwise would essentially read out of the administrative scheme the requirement that a claimant seek review at the Appeals Council level.

Plaintiff's limited argument seems to imply that the Commissioner's own rulings support her position. As a result of *Bloodsworth*, the Commissioner promulgated Acquiescence Ruling 99–4(11), cited at 1999 WL 1137369 (S.S.A. Oct. 26, 1999). That ruling framed the issue narrowly, as "[w]hether a dismissal by the Appeals Council of a request for review of an ALJ decision is a 'final decision' which is judicially reviewable[?]" The ruling stated the Commissioner's disagreement with the Eleventh Circuit's *Bloodsworth* decision, but nonetheless concluded that in the Eleventh Circuit, Appeals Council review determination, on whatever grounds (i.e., whether a grant of request for review, a denial of request for review [more akin to a merits denial] or a dismissal of a request for review) is a "final decision" from which the claimant may take an appeal to the district court.

While the Commissioner might have utilized more limiting language to specify what may be appealed to district court under each type of Appeals Council ruling, AR 99–4(11) cannot give Plaintiff a right of review of the merits of her DIB in this Court in contravention to the scope of review established by *Langford* and *Bloodsworth*. All that this Court may consider pursuant to those decisions is whether the Appeals Council abused its discretion in dismissing Plaintiff's tardy request for review.

This conclusion is consistent with the conclusions reached in the four unreported decisions attached to the Commissioner's memorandum. *Turner v. Apfel*, No. CV 00–BU–1827–S (N.D.Ala. Jan. 25, 2001); *Powell v. Apfel*, No. 8:00–CV–569–T–30(B) (M.D.Fla. Jan. 4, 2001); *Carroll v. Apfel*, No. CV99–H–1259–S (N.D.Ala. March 2, 2000); and *Kocher v. Apfel*, No. 8:98–CV–2128–T–24F (M.D.Fla. March 31, 2000). In each of those cases, district court review was limited to whether Appeals Council review was properly dismissed.

Turning to whether there was an abuse of discretion in dismissing the request for review, first, notwithstanding Plaintiff's attorney's statement to the Appeals Council, there is no evidence before this Court that Plaintiff tried to file a request for review on May 26, 1998. Plaintiff did not submit any affidavits in support of her attempt either at the administrative level or in this Court, nor did she submit any other documents (incomplete though they might have been) supportive of her alleged attempt to timely challenge the ALJ's decision. On the other hand, more significant is the fact that in seeking information from the Appeals Council as to the status of the requested review, Plaintiff's counsel referred to July 22, 1998, as the date of her appeal.

■ The scope of this Court's review is very limited. It cannot put itself in the decision maker's place. It cannot conclude that the Appeals Council abused its discretion just because the Court might have ruled differently on the same set of facts. *Langford*, at 219. Rather the Court concludes that the Commissioner was not acting arbitrarily or unreasonably in concluding that Plaintiff had not satisfied her burden that she had good cause for failing to timely file a request for review. Plaintiff demonstrated no impediment or confusion as to why she could not timely file a request for review. Significant in the Appeals Council's and the Court's reasoning is that Plaintiff retained experienced Social Security counsel less than a month after the ALJ's decision, but

that steps were not taken until after the expiration of the 60–day deadline to attempt to assert her appellate rights.

Only two factors possibly militate against finding a default in this case. First, given the 5–day presumption established in the Commissioner's regulations for receipt of notice, the date of counsel's letter in support of the request for review was only one to three days after the deadline.[4] That count would inure to Plaintiff's benefit only if the appeal was perfected on date of mailing. Regardless, however, neither in his letter to the Appeals Council on July 22, 1998 (which was not received for another 6 days), nor in any follow-up letter, did Plaintiff's counsel articulate any reasons to excuse Plaintiff's out-of-time request for review. To find "good cause" solely from a minimal period of delay, without requiring valid reasons excusing the delay, would write "good cause" out of the regulations.

Second, for almost 18 months, despite six letters by Plaintiff's lawyer submitting additional medical evidence and two letters requesting an update as to the status of her request for review (but not advancing any arguments in support of "good cause" for the delay), the Appeals Council remained silent. It never wrote back to Plaintiff's lawyer and questioned him as to why he was sending it all of these medical records when the appeal had not been properly perfected. It did not answer his queries as to the status of his client's case. The Court finds such silence disturbing, particularly from an agency which is not supposed to be in an adversarial role vis-a-vis disability claimants. Administrative backlog is no excuse for ignoring requests from claimants, or lulling practitioners into a false sense of security that their papers are in order.

Nonetheless, the Appeals Council's action or, more accurately, inaction, does not rise to the level of misleading Plaintiff that her request for review was timely or would be considered as such. As noted, nearly six weeks elapsed between Plaintiff's retention of her lawyer for appellate purposes and communication to the Appeals Council as to Plaintiff's desire to seek review of the ALJ's decision. In no communication initially or since that time has Plaintiff sought to establish good cause for the untimely request or for the Commissioner to extend the filing deadline. There was no evidence submitted that Plaintiff, individually or through retained counsel, sought to verify that a timely request for review was made in May 1998. There is no evidence that prior to July 22, 1998, already outside the deadline, Plaintiff or her lawyer attempted to muster proof that a timely but ineffective application for review had been submitted.

Under such circumstances, the Court concludes that the Appeals Council did not abuse its discretion in dismissing Plaintiff's request for review.

**ACCORDINGLY,** for all the foregoing reasons, the Court lacks jurisdiction to consider the merits of Plaintiff's appeal. Plaintiff's complaint is hereby **DISMISSED.**

---

4. The 5–day grace period made the date of the notice of the ALJ's decision May 19, 2001. Sixty days from that date was July 18, 1998, a Saturday. Assuming that weekends are not counted, the request for review was due July 21, 2001.